UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-CV-00027-KSF

FREDERICK BRADLEY NOWELL, SR.                                              PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*                                                   DEFENDANT

On the Court's own motion, this proceeding will be dismissed without prejudice. By separate Order, Plaintiff Frederick Bradley Nowell, Sr., will be granted *in forma pauperis* status.

**BACKGROUND**

On January 19, 2011, Nowell, proceeding *pro se*, filed a motion seeking "Emergency Injunctive Relief to Compel Medical Treatment," R. 2. Nowell sought an Order directing the Defendant, Deborah Hickey, Warden of the Federal Medical Center in Lexington, Kentucky, ("FMC-Lexington") to provide him with immediate and proper medical treatment for a cancer condition he alleged was adversely affecting his leg. Nowell claimed that the FMC-Lexington medical staff had unreasonably denied his requests for unspecified medical treatment.

On February 1, 2001, the Court entered a Memorandum, Opinion and Order ("the February 1, 2011 Opinion and Order") denying Nowell's motion without prejudice. R. 3. The Court explained that Nowell was not entitled to a preliminary injunction because at that time, he had not established: (1) a substantial likelihood of success on the merits of his Eighth Amendment claim; (2) that he would suffer irreparable injury absent the injunction; or (3) that

the interests of others or the general public would be adversely affected absent an injunction directing the BOP to provide him unspecified medical treatment. *Id*., pp. 3-4; pp. 7-9.

The Court also noted that Nowell had not provided the Court with *any* medical documents supporting his claim that he was suffering from a medical condition which required emergency medical treatment. *Id*., p. 4. Further, the Court concluded that it was obvious from Nowell's motion that he had failed to complete all required steps of the Bureau of Prisons ("BOP") administrative remedy procedure set forth in 28 C.F.R. § 542.10-19 as to his medical claims, and that given the lack of any substantiating medical documentation, he should and would not be excused from complying with the BOP's exhaustion process. *Id*., pp. 5-6. Finally, the Court noted that Nowell had not notified Warden Hickey that he considered his medical condition to be of an emergency nature under 28 C. F.R. §542.18. *Id*., pp. 6-7.

The Court denied Nowell's motion for emergency injunction without prejudice to his obtaining more definitive medical documentation showing that an emergency medical condition existed; filing a request for emergency relief with Warden Hickey so that she could respond to his demands and concerns; receiving a response from Hickey; and if necessary, appealing his demands to the higher BOP administrative levels. *Id*., p. 9.

## DISCUSSION

The Court will dismiss this proceeding without prejudice for two reasons. First, in the February 1, 2011 Opinion and Order, the Court fully addressed Nowell's request for emergency injunctive relief and determined that such relief was not warranted. Having adjudicated and rejected Nowell's *sole* request for emergency injunctive relief compelling the BOP to provide him with unspecified medical care, there is nothing further for the Court to consider.

This Court, and other courts, have either dismissed or upheld the dismissal of civil actions wherein the *only* relief sought was emergency injunctive relief, and that request was denied. *See Abernathy v. Patterson*, 295 F.2d 452, 456 (5th Cir. 1961) (holding that where the district court twice denied the plaintiffs' motion for preliminary injunction, and where that equitable remedy was the only one the plaintiffs sought, the civil rights action was properly dismissed); *Cohen v. DeWalt,* No. 5:08-CV-288-JBC (E.D. Ky.) (*See* R. 10, Order, October 6, 2008, dismissing the civil rights action after denying the prisoner's sole request seeking injunctive relief); *Lovaas v. Osen*, No. C-06-66-BU-RFC, 2007 WL 686689, at *5 (D. Mont. March 5, 2007) (recommending that where the only relief the plaintiff sought in her Complaint and "Petition" was a preliminary injunction and restraining order, and where that relief had been denied, the action should be dismissed); and *F.D.I.C. v. Lenz,* 323 F. Supp.2d 342, 346 (D. Conn. 2004) (holding that *res judicata* barred plaintiff's claim where the district court's denial of the preliminary injunction request disposed of the only relief sought in the complaint). Accordingly, as the Court has denied Nowell's motion for emergency injunctive relief, dismissal of this action is warranted.

Second, as explained in the February 1, 2011 Opinion and Order, it was patently clear from Nowell's motion that he had failed to fully exhaust his demands for unspecified medical treatment prior to filing this action on January 19, 2011. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action concerning prison conditions.

The Supreme Court of the United States has twice held that the PLRA statute means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court

has held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency requires, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90. The Supreme Court has also ruled that if non-exhaustion of a claim is clear from the face of the Complaint, a district court may dismiss a prisoner's civil rights action upon screening. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Following *Jones*, this Court and other district courts in this circuit have dismissed prisoner civil rights actions *sua sponte* where the prisoner's failure to exhaust was apparent from the face of the complaint. *See Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010] (dismissing action *sua sponte* where it was clear from face of the complaint that it had been filed prior to prisoner completing the BOP administrative remedy procedure); *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010) (same); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008) (dismissing complaint *sua sponte* where it was clear from its face that the prisoner had filed an untimely grievance); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007) (dismissing *sua sponte* prisoner's Complaint alleging the denial of adequate medical treatment under the Eighth Amendment, where he admitted therein that the prison exhaustion process was still pending). As Nowell has not completed the BOP administrative remedy process, any other claims he might assert regarding his alleged leg cancer condition, and/or the alleged denial of medical treatment, would be premature. For that reason, this action will be dismissed without prejudice.

Finally, as explained in the February 1, 2011, Opinion and Order, Nowell may file another civil rights action asserting his Eighth Amendment medical claims <u>after</u> he completes

4

the BOP exhaustion process. If Nowell files a new action after he exhausts his claims, and if he asserts medical claims therein based on the same general facts he asserted in this action, he *may* be eligible for a waiver of the $ 350.00 filing fee pursuant to *Owens v. Keeling*, 461 F.3d 763, 776-77 (6th Cir. 2006) (holding that prisoner should not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust).

In summary, the Court has denied Nowell's motion for emergency injunctive relief. This proceeding is concluded and will be dismissed without prejudice to Nowell filing another action concerning medical treatment after he fully completes the BOP administrative remedy process.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) This proceeding is **DISMISSED WITHOUT PREJUDICE** to Nowell filing another civil rights action alleging denied medical treatment after he has fully completed the BOP administrative remedy process.*.*

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendant Deborah Hickey, Warden of the FMC- Lexington.

This February 17, 2011 .



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**